UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN E. STOTE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *    Civil Action No. 1:01-cv-12139-IT |
| | * |
| GARY RODEN, | * |
| | * |
| Respondent. | * |

MEMORANDUM & ORDER DENYING MOTION FOR RECONSIDERATION

June 17, 2015

TALWANI, D.J.

I.     Background

Petitioner John Stote filed a petition for a writ of habeas corpus claiming that his incarceration for first-degree murder violates the Constitution, laws, or treaties of the United States. The court granted Petitioner's motion for a stay of this action to return to state court to exhaust his claims. Petitioner subsequently filed an amended petition, which Respondent moved to dismiss. The court allowed Respondent's motion to dismiss without prejudice to Petitioner amending his petition so that it contained no unexhausted claims. Petitioner filed a motion to re-file his amended petition, which the court thereafter allowed.

On January 6, 2014, Petitioner moved to expand the record and for an evidentiary hearing. Mot. Leave Expand Record [#74]; Mot. Evidentiary Hearing [#75]. On March 6, 2014, the court denied these motions. Order [#94]. Thereafter, Petitioner filed a motion for the court to reconsider this order, Pet'r's Mot. Reconsideration Court's Order Pet'r's Mot Evidentiary Hearing Mot. Expand Record [#120] (hereinafter Pet'r's Mot. Reconsideration), which is presently before the court.

II.     Discussion

Petitioner points to the undisclosed prior intimate relationship between trial defense counsel William Walsh and the trial prosecutor as well as the undisclosed intimate relationship between Walsh and an assistant district attorney [hereinafter "ADA"] in the appellate division of the office that represented the Commonwealth on appeal. Petitioner argues that an evidentiary hearing on the petition is necessary in order "to decipher the nature of the relationship between trial counsel and the actual trial prosecutor in a first-degree murder case" and "to determine the reasons for [the trial prosecutor's] late disclosure of a 'blood spatter report,' which contained critical exculpatory evidence and [defense counsel's] concomitant failure to timely obtain the report." Id. at 5. Because the state court denied Petitioner's motions for an evidentiary hearing, Petitioner contends that the nature of these relationships remain unknown. Id. at 4.

As an initial matter, each of Petitioner's conflict-of-interest claims was adjudicated on the merits in state court. Petitioner presented both of these claims to the state court in his second motion for new trial. Commonwealth v. Stote, 922 N.E.2d 768, 771 (Mass. 2010). After a Superior Court judge denied the motion without an evidentiary hearing, Petitioner filed a petition appealing that decision. Id. This petition was made pursuant to the gatekeeper provision of Mass. Gen. Laws ch. 278, § 33E, id., which allows a petitioner to appeal the denial of a motion that was filed after the Supreme Judicial Court of Massachusetts ("SJC") issues rescript of the case on direct review so long as the motion raises a "new" and "substantial" question.

In ruling on the petition, a single justice of the SJC allowed Petitioner to raise his claim concerning Walsh's relationship with the ADA, but otherwise denied the petition. Id. As to Petitioner's claim concerning Walsh's relationship with the trial prosecutor, the single justice found that the issue qualified as "new" but not "substantial," and thus failed to meet the standard

set forth in § 33E.  Because this determination by the single justice constituted an adjudication on the merits, see Lee v. Corsini, 777 F.3d 46, 56–58 (1st Cir. 2015), and because Petitioner's claim concerning Walsh's conflict of interest relating to his relationship with the ADA was subsequently rejected by the SJC, see Stote, 922 N.E.2d at 778, both of Petitioner's conflict-of-interest claims were adjudicated on the merits in state court.

In light of the state court's merits-based adjudication of Petitioner's conflict-of-interest claims, this court may not grant habeas relief on those claims unless the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court proceeding.  28 U.S.C. § 2254(d).

Generally, review under § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  As Petitioner correctly notes, the First Circuit has held that Pinholster "does not prohibit an evidentiary hearing once a petitioner has successfully shown the state court unreasonably applied federal law," Sanchez v. Roden, 753 F.3d 279, 307 (1st Cir. 2014).  In his motion for reconsideration, Petitioner argues that he meets § 2254(d)'s standard and, therefore, Pinholster does not preclude him from expanding the record.  He argues that the state court's adjudication of his conflict-of-interest claims was based on an unreasonable determination of the facts because the state court could not, without holding an evidentiary hearing, evaluate the true nature of the relationships constituting the alleged conflict of interest.

In the same vein, Petitioner argues that the state court's decision misapplied established federal law as determined by the Supreme Court because the state court could not have evaluated

3

the true nature of those relationships as well as the reasons why the trial prosecutor did not timely disclose the blood spatter report and why Walsh allegedly did not fully utilize such evidence. Petitioner also attacks the state court's decision on the grounds that the SJC erred in (1) finding that Petitioner failed to show prejudice in analyzing his claim of actual conflict of interest because the federal standard concerning an actual conflict of interest requires no showing of prejudice, and (2) not ascertaining whether defense counsel had a dating relationship or a "common-law husband and wife relationship" with the trial prosecutor.[1]

Review of the record and the state court's decision belies Petitioner's arguments. The affidavits submitted to the motion judge included affidavits from Petitioner's then-present counsel and his investigator as well as affidavits from Walsh, the trial prosecutor, and the ADA. Supplemental Answer ("SA") 646. After review of these materials, the motion judge found that with respect to Petitioner's conflict-of-interest claim relating to Walsh's relationship with the trial prosecutor, the affidavits were clear that the relationship ended seventeen years before Petitioner's trial, and that there did not exist any evidence to the contrary. SA 646-47. Based on this finding, (1) the motion judge found that an evidentiary hearing sought by Petitioner was not required to resolve this claim and that neither an actual nor a potential conflict of interest existed, SA 650-51, and (2) the single justice of the SJC denied Petitioner's motion for leave to appeal this issue as not substantial, SA 655-57.

After allowing Petitioner leave to appeal as to the conflict-of-interest claim relating to Walsh's relationship with the ADA, the SJC upheld the motion judge's decision not to hold an

---

[1] In his motion for reconsideration, Petitioner attacks his conviction on various other grounds. See Pet'r's Mot. Reconsideration 12-14. As explained above, Pinholster limits this court's § 2254(d) review of Petitioner's claims to the record that was before the state court unless Petitioner can show that the state court unreasonably applied federal law. Because Petitioner only attempts to show that the state court unreasonably applied federal law in connection with the state court's adjudication of his conflict-of-interest claims, only those grounds relating to the conflict-of-interest issue are relevant to the present analysis.

4

evidentiary hearing and denied this claim. Stote, 922 N.E.2d at 772, 778. Petitioner argues that the SJC's conclusion resulted in a decision that was based on an unreasonable determination of the facts or a misapplication of established federal law as determined by the Supreme Court. However, with respect to the conflict-of-interest issue concerning Walsh and the trial prosecutor, in light of the state court's finding that Walsh's relationship with the trial prosecutor ended seventeen years prior to Petitioner's trial, which Petitioner does not presently dispute, the decision not to hold an evidentiary hearing was not one that was based on an unreasonable determination of the facts or a misapplication of clearly established federal law. Quite simply no evidentiary hearing on "the true nature of the relationship" between Walsh and the trial prosecutor is necessary because it is undisputed that the relationship—whatever its nature—ended seventeen years before Petitioner's trial.

The court likewise finds the denial of Petitioner's motion for an evidentiary hearing with respect to Petitioner's conflict-of-interest claim relating to Walsh's relationship with the ADA did not result in a decision that was based on an unreasonable determination of the facts or a misapplication of clearly established federal law. Based on the affidavits submitted by Walsh, the trial prosecutor, and the ADA, the motion judge and the SJC found that the ADA did not participate in any way in Petitioner's appeal, and that the Commonwealth's brief was solely written by the trial prosecutor. See Stote, 922 N.E.2d at 772–73. Moreover, based on the affidavits, neither the motion judge nor the SJC found that Walsh and the ADA ever cohabited. See SA 649; Stote, 922 N.E.2d at 772. Petitioner did not raise any question as to the veracity of those statements, and accordingly, the motion judge found that no evidentiary hearing was required and that, although a potential conflict of interest existed with respect to Walsh's relationship with the ADA, Petitioner failed to show any actual prejudice. SA 651. In light of

the state court's finding that the ADA did not participate in Petitioner's appeal and did not cohabitate with Walsh, a determination that Petitioner did not reasonably call into doubt, the court finds that the state court's decision was not based on an unreasonable determination of the facts or a misapplication of clearly established federal law.

Lastly, Petitioner argues that the SJC erred in (1) finding facts demonstrating that no prejudice or adverse impact or effect existed when analyzing Petitioner's claim of actual conflict of interest because the federal standard concerning an actual conflict of interest requires no showing of prejudice, and (2) not ascertaining whether defense counsel had a dating relationship or a "common-law husband and wife relationship" with the trial prosecutor. As to (1), Petitioner's argument is without merit because the SJC analyzed Petitioner's actual conflict of interest claim under Article 12 of the Massachusetts Declaration of Rights, which the court explained did not require a defendant to show prejudice once an actual conflict of interest is established. Stote, 922 N.E.2d at 773. As to (2), even if Walsh and the trial prosecutor had cohabitated during their dating relationship, in light of the seventeen-year gap between the end of the relationship and Petitioner's trial, the state court's decision denying Petitioner's claim without holding an evidentiary hearing was not based on an unreasonable determination of the facts or a misapplication of clearly established federal law.

For these reasons, the court finds that Petitioner has failed to meet § 2254(d)'s standard and, therefore, Pinholster precludes him from expanding the record. Accordingly, Petitioner's Motion for Reconsideration of Court's Order on Petitioner's Motion for an Evidentiary Hearing and Motion to Expand the Record [#120] is DENIED.

IT IS SO ORDERED.

June 17, 2015  /s/ Indira Talwani
United States District Judge