UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN E. STOTE, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 01-cv-12139-IT |
| | * | |
| GARY RODEN, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

December 22, 2017

TALWANI, D.J.

Pending before this court are Respondent's <u>Motion to Strike Petitioner's Exhibits to Petitioner's Amended Memorandum In Support of the Amended Petition for Writ of Habeas Corpus</u> ["Motion to Strike"] [#163], and Petitioner's <u>Motion for Leave to File a Supplemental Memorandum In Support of Petitioner's Opposition to Respondent's Motion to Strike Exhibits and Petitioner's Supplemental Memorandum</u> ["Motion for Leave to File Supplemental Memorandum"] [#168]. For the reasons that follow, both motions are ALLOWED IN PART AND DENIED IN PART.

I. <u>Motion for Leave to File Supplemental Memorandum</u>

Approximately two weeks after filing his opposition to Respondent's <u>Motion to Strike</u>, Petitioner moved for leave to file a supplemental memorandum in opposition, "as a result of further discussions" between Petitioner and his counsel. Mot. Leave File Suppl. Mem. [#168]. His motion sets forth at pages 1 through 5 the state procedural points Petitioner seeks to bring to the attention of the court and will be considered by the court as a supplemental memorandum in support of Petitioner's opposition. No further supplemental memorandum need be filed.

Accordingly, Petitioner's Motion for Leave to File Supplemental Memorandum [#168] is ALLOWED IN PART and DENIED IN PART.

II. Motion to Strike

After Petitioner filed his Reply to Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus, [#162], Respondent moved to strike the exhibits submitted in support of that memorandum. Mot. Strike [#163]. The exhibits to which Respondents objects fall into three categories: (1) exhibits already included in the Supplemental Answer ["S.A."] [#39]; (2) exhibits included in Petitioner's Motion for Leave to Expand the Record [#74]; and (3) additional exhibits.

Review of a state court's decision under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Garuti v. Roden, 733 F.3d 18, 22 (1st Cir. 2013). This limitation rests on the idea that such review "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." Pinholster, 563 U.S. at 182-83 (noting that it would otherwise "be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court"). The same limitation applies to review under § 2254(d)(2). Garuti, 733 F.3d at 23.

Although expansion of the record is allowed under Rule 7 of the Rules Governing Section 2254 Cases, a petitioner must first show that the conditions set forth in § 2254(e)(2) are met. See Holland v. Jackson, 542 U.S. 649, 652-53 (2004) (per curiam) (stating that the restrictions in § 2254(e)(2) "apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing"); Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007). Under

§ 2254(e)(2), a petitioner who "failed to develop the factual basis of a claim in State court proceedings" shall not receive an evidentiary hearing unless he "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence." Further, a petitioner must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Id.

### A. Exhibits Contained in the Supplemental Answer [#39]

Exhibits 1, 3-5, 9-12, 16, and 19-20 are also contained in the Supplemental Answer [#39]. See S.A. 301-12 (Ex. 1); S.A. 1113-14 (Ex. 3); S.A. 1111-12 (Ex. 4); S.A. 1119-20 (Ex. 5); S.A. 641-43, 671 (Ex. 9); S.A. 671-72, 745-46 (Ex. 10); S.A. 665, 672, 747-48 (Ex. 11); S.A. 673, 749-50 (Ex. 12); S.A. 104-07 (Ex. 16); S.A. 611-15, 645 n. 1 (Ex. 19); S.A. 644-54 (Ex. 20). These exhibits are part of the record before the state court, and are properly considered by the court here, regardless of whether they are "cumulative." See Pinholster, 563 U.S. at 182. Further, Exhibit 2 is a printout of Commonwealth v. Stote, 456 Mass. 213 (2010), a state court decision upon which the Petition [#1] is based. Accordingly, Respondent's Motion to Strike [#163] is DENIED with respect to Exhibits 1-5, 9-12, 16, and 19-20.

### B. Exhibits Referenced in Petitioner's Motion for Leave to Expand the Record [#74]

Petitioner previously sought to expand the record to include, among other documents, Exhibits 6, 13-15, and 18. Motion for Leave to Expand the Record [#74]. The judge to whom this case was previously assigned denied that motion, holding that the proposed exhibits were inadmissible under § 2254(d), and further, that Petitioner had failed to meet the requirements for

3

an evidentiary hearing and expansion of the record under § 2254(e)(2). Elec. Order [#94]. This court subsequently denied Petitioner's request for reconsideration of that order. Mem. & Order [#127]. Petitioner has not presented new grounds for this court to overturn those prior orders. Accordingly, Respondent's Motion to Strike [#163] is ALLOWED with respect to Exhibits 6, 13-15, and 18.

### C. Additional Exhibits

The three remaining exhibits—Exhibits 7-8 and 17—were not included in the Supplemental Answer [#39], the subject of Petitioner's Motion for Leave to Expand the Record [#74], or otherwise previously presented to this court. As an initial matter, the documents are not, as Petitioner asserts, part of the record simply because they were produced during pre-trial discovery. As noted above, the focus of analysis under 28 U.S.C. § 2254(d) is "what the state court knew and did" when it made its decision. Pinholster, 563 U.S. at 182. That a document was produced during discovery does not establish that the state court was aware of that document when it rendered its decision.

Further, Petitioner cannot make the required showing under § 2254(e)(2) for expansion of the record pursuant to Rule 7. Exhibits 7 and 17[1] purport to be a police report by Detective Eugene J. Dean that includes a discussion of advice given to Petitioner by his attorney. Although Petitioner describes these exhibits as "exculpatory," their exculpatory value is not readily apparent. Moreover, Detective Dean testified during trial, and Petitioner's trial counsel was given a chance to cross-examine him. Petitioner has not articulated what information could be found in Detective Dean's report that he did not testify to at trial, or that was not brought out on cross examination.

---

[1] These documents are identical.

Exhibit 8 purports to be the victim's undisclosed record. To the extent this document includes information regarding the victim's 1987 arrest and charges on gaming related offenses, the trial court ruled that those facts were inadmissible "as too remote, in my opinion, to be probative of anything, and especially as the result for the conviction of receiving stolen property." S.A. 2560-61. To the extent this document includes information regarding the victim's association with members of organized crime, it is cumulative of testimony offered at trial. For example, Massachusetts State Trooper Timothy Alben testified regarding "his personal observations in seeing Mr. Regan in the company of [members of organized crime] in 1992." S.A. 2563.[2]

As a result, these exhibits do not provide "clear and convincing evidence" that Petitioner's trial counsel's performance was constitutionally defective, or that but for that constitutionally defective performance, no reasonable fact finder would have found him guilty of murder in the first degree. Accordingly, Respondent's Motion to Strike [#163] is ALLOWED with respect to Exhibits 7-8 and 17.

III. Conclusion

For the foregoing reasons, Petitioner's Motion for Leave to File Supplemental Memorandum [#168] is ALLOWED IN PART and DENIED IN PART, and Respondent's Motion to Strike [#163] is DENIED with respect to Exhibits 1-5, 9-12, 16, and 19-20, and ALLOWED with respect to Exhibits 6-8, 13-15, and 17-18.

IT IS SO ORDERED.

Date: December 22, 2017                    /s/ Indira Talwani
                                           United States District Judge

---

[2] The trial court did not permit Trooper Alben to testify on any other matters. Id.